FILED'09 MAR 24 12:34USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,    01-CR-512-BR
                             (07-CV-70029-BR)
        Plaintiff,

                             03-CR-465-BR
v.                           (07-CV-70028-BR)

VIKTOR MASCAK,               OPINION AND ORDER

        Defendant.


**KARIN J. IMMERGUT**
United States Attorney
**FREDRIC N. WEINHOUSE**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1031

        Attorneys for Plaintiff

**SAMUEL C. KAUFFMAN**
Garvey Schubert Barer
121 S.W. Morrison Street
11th Floor
Portland, OR 97204-3141
(503) 228-3939

        Attorneys for Defendant

1   -   OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion (#363) for Early Termination of Supervised Release. For the reasons that follow, the Court **GRANTS** Defendant's Motion to the extent that the Court concludes Defendant's supervised release may terminate effective August 23, 2009, provided Defendant remains in compliance until then.

## BACKGROUND

On October 18, 2002, in a 34-count Superseding Indictment, the government charged Defendant Viktor Mascak, among others, with various crimes including Dealing in Firearms without a Federal Firearms License (FFL) in violation of 18 U.S.C. § 922(a)(1)(A); selling firearms to persons even though he was not a licensed importer, manufacturer, or dealer for firearms in violation of 18 U.S.C. § 922(a)(5); and making false statements on a number of Department of Alcohol, Tobacco, and Firearms (ATF) 4473 forms in violation of 18 U.S.C. § 924(1)(1)(A).

On January 13, 2003, Defendant filed a Motion to Dismiss the Superseding Indictment based on allegations of perjured grand-jury testimony. On May 5, 2003, the Court entered an Order denying Defendant's Motion to Dismiss the Superseding Indictment.

On October 16, 2003, the United States District Court for the Eastern District of Washington transferred to this Court an

2 - OPINION AND ORDER

Indictment against Defendant on charges of Dealing in Firearms Without a License and Unlawful Transfer of a Firearm in violation of 18 U.S.C. § 922(a)(5). On November 5, 2003, this Court consolidated Case Nos. 01-CR-512-BR and 03-CR-465-BR for trial.

On December 16, 2003, these cases proceeded to trial on charges against Defendant for Dealing Firearms Without a License and Selling Firearms to an Out-of-State Resident. On December 22, 2003, the jury rendered a Verdict finding Defendant guilty on all counts.

On June 25, 2004, the Court sentenced Defendant to 24 months imprisonment on each count to run concurrently. The Court also imposed a term of three years supervised release to begin in August 2007. On June 30, 2004, the Court entered Amended Judgments to reflect the Court's Orders requiring Defendant to forfeit all of the firearms identified in the Court's Preliminary Orders of Forfeiture. Defendant filed Notices of Appeal on July 2, 2004.

On August 5, 2005, the Ninth Circuit issued an Opinion in which it affirmed Defendant's conviction and the Court's Orders of forfeiture. The Ninth Circuit, however, remanded these cases to this Court for review of Defendant's sentence in accordance with *United States v. Ameline*, 409 F.3d 1073, 1084-85 (9th Cir. 2005).

On November 1, 2005, the Court entered Orders as to the

3 - OPINION AND ORDER

Ninth Circuit's remand in which it explicitly evaluated the factors enumerated in 18 U.S.C. § 3553(a) and, nonetheless, concluded the same sentence would have been imposed even if the United States Sentencing Guidelines had been advisory at the time of the original sentencing. The Court, therefore, did not amend or alter the Amended Judgments.

On November 7, 2005, Defendant appealed the Court's November 1, 2005, Orders to the Ninth Circuit.

On August 1, 2006, the Ninth Circuit entered an Opinion in which it affirmed this Court's November 1, 2005, Orders.

On October 22, 2007, Defendant filed Motions to Vacate or Correct Sentence pursuant to § 2255. On August 8, 2008, the Court issued an Opinion and Order denying Defendant's Motions to Vacate or Correct Sentence.

On January 16, 2009, Defendant filed a letter with the Court that the Court construed as a Motion for Early Termination of Supervised Release. Although Defendant seeks immediate termination of his supervision, the Court is inclined to reduce the term of supervision by one year effective August 23, 2009, provided Defendant remains in compliance. The government declined a request for oral argument.

## STANDARD

18 U.S.C. § 3583(e)(1) provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

The pertinent subsections of § 3553 provide:

> (a) The court shall impose a sentence sufficient, but not greater than necessary . . . . The court, in determining the particular sentence to be imposed, shall consider--
>
>> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> * * *
>
>> (2) the need for the sentence imposed--
>>
>>> (B) to afford adequate deterrence to criminal conduct;
>>>
>>> (C) to protect the public from further crimes of the defendant; and
>>>
>>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> * * *
>
>> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.
>
> * * *

5  -  OPINION AND ORDER

>    (5) any pertinent policy statement.
>
>    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>    (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

Federal Rule of Criminal Procedure 32.1(c)(1) requires the Court to hold a hearing before modifying a condition of release unless "the relief sought is favorable to the person and does not extend the term of probation or of supervised release."

## DISCUSSION

As noted, Defendant seeks an Order terminating his term of supervised release. The government opposes Defendant's request on the ground that "Defendant and society will benefit from his supervised release [and] supervised release will encourage [Defendant] not to re-offend." United States Probation Officer Richard L. Yarington agrees with the government's opposition.

Although Defendant was convicted of serious firearm offenses, the Court notes Defendant did not have any criminal history before his conviction. In addition, Defendant now is 70 years old, has a stable residence, and is retired and collecting Social Security. Significantly, Defendant has complied

consistently with all of the conditions of his supervised release.  The Court also notes Defendant is very much aware of the fact that he is prohibited from possessing any firearms and that he would be charged with a federal crime if he did so. Based on the Court's knowledge of this Defendant, the Court concludes the threat of being charged with another federal crime is in these circumstances a persuasive and sufficient deterrent to Defendant reoffending.  On this record, the Court finds Defendant does not present a significant risk of reoffending.

The Court concludes, in the exercise of its discretion, that termination of Defendant's term of supervised release as of August 23, 2009, is warranted by the conduct of Defendant and is in the interest of justice, provided, however, that Defendant remains in complete compliance with the conditions of supervised release until then.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion (#363) for Early Termination of Supervised Release and **ORDERS** Defendant's term of supervised release to terminate August 23, 2009, provided Defendant remains in compliance with all

conditions of his supervised release until then.

IT IS SO ORDERED.

DATED this 23rd day of March, 2009.

*[signature]*
ANNA J. BROWN
United States District Judge

8  - OPINION AND ORDER